IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Freddie Ray Hinton, Jr., ) | C/A No.:  2:06-1921-JFA-RSC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Sergeant R. Stewart; Lieber Correctional ) | |
| Medical Department; and Nurse Rezzelle, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Freddie Ray Hinton, brings this action seeking relief under 42 U.S.C. § 1983.  He alleges that the defendants did not provide him with adequate medical care when he was incarcerated at the South Carolina Department of Corrections.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the defendants' motion for summary judgment[2] be granted.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

On April 10, 2007, the Magistrate Judge issued an order allowing the plaintiff an additional ten days to respond to the summary judgment motion.  The plaintiff again did not

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motions for summary judgment.  Plaintiff did not respond to the motion.

1

respond, despite the Magistrate's advising him that if he failed to do so, the action may be dismissed with prejudice for failure to prosecute. *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978), FEDERAL RULES OF CIVIL PROCEDURE RULE 41(b).

The plaintiff was also advised of his right to file objections to the Report and Recommendation which was entered on the docket on April 27, 2007. He has not filed timely objections[3] to the Report.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the defendants' motion for summary judgment is granted and this matter is dismissed *with prejudice*.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

May 21, 2007
Columbia, South Carolina

---

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).